```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Vincent Savageau

    v.                                    Civil No. 17-cv-386-LM
                                                Opinion No. 2019 DNH 048

Robert Hazlewood, Warden,
Federal Correctional Institution,
Berlin, New Hampshire


**O R D E R**

Vincent Savageau, currently an inmate at the Federal Correctional Institution ("FCI") McKean in Pennsylvania, filed this petition (doc. no. 1) for a writ of habeas corpus under 28 U.S.C. § 2241, while he was an inmate at FCI Berlin in New Hampshire. Before the court is the respondent Warden's motion to dismiss (doc. no. 7), to which Savageau objected (doc. no. 9). Savageau filed two further documents (doc. nos. 8, 10), which this court deems to be addenda to the petition, which this court may screen to determine whether the claims in those addenda are facially valid. See LR 4.3(d)(4)(A); Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules") (judge may screen and then dismiss petition sua sponte if it plainly appears on its face that petitioner is not entitled to relief); see also § 2254 Rule 1(b) (§ 2254 Rules may apply to § 2241 petitions).

**Background**

At all relevant times, Savageau had the following convictions for Massachusetts felonies, dating from 2002-2003: one for unarmed assault with intent to rob, see Mass. Gen. Laws ch. 265 § 20, one for assault and battery, see Mass. Gen. Laws ch. 265 § 13(a), and two for possession of cocaine with intent to distribute (hereinafter "Springfield cocaine convictions"), in violation of Mass. Gen. Laws ch. 94C § 32A(a) and Mass. Gen. Laws ch. 94C § 32C(a). See Commonwealth v. Savageau, No. 0279CR00737 (Mass. Super. Ct., Hampden Cnty., filed Sept. 19, 2002)[1]; Commonwealth v. Savageau, No. 0223CR009113 (Mass. Dist. Ct., Springfield, filed Aug. 22, 2002); Commonwealth v. Savageau, No. 0223CR002371 (Mass. Dist. Ct., Springfield, filed Feb. 28, 2002).

The procedural history in Savageau's subsequently filed federal criminal case, United States v. Savageau, No. 1:06-cr-

---

[1] The docket for Commonwealth v. Savageau, No. 0279CR00737 (Mass. Super. Ct., Hampden Cnty.), indicates that Savageau pleaded guilty on March 11, 2003 to one count of unarmed assault with intent to rob, in violation of Mass. Gen. Laws ch. 265 § 20 and one count of assault and battery in violation of Mass. Gen. Laws ch. 265 § 13(a). On one count, the court sentenced Savageau to a House of Corrections sentence of 18 months, with one year to serve and six months suspended, followed by probation for two years, to run concurrently with a two-year probation sentence imposed on the other count. The Superior Court further ordered that those sentences would run concurrently with Savageau's sentences on the Springfield cocaine convictions. See Commonwealth v. Savageau, No. 0279CR00737 (Mass. Super. Ct., Hampden Cnty., Mar. 11, 2003) (Dkt. No. 23) (citing Springfield Dist. Ct. Case Nos. 0223CR009113 and 0223CR002371).

00092 (S.D. Ga.) ("Criminal Case"), which related to armed bank robberies that occurred in Georgia in April 2006, has been described as follows:

> On September 28, 2006, Petitioner [Savageau] pled guilty to one count of conspiracy to rob commercial businesses, in violation of 18 U.S.C. § 1951; two counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d); and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). . . . Petitioner [was sentenced] to serve concurrent 164-month terms of imprisonment on the conspiracy and armed robbery counts, and to serve a consecutive 84-month term of imprisonment on the firearm count; a judgment was entered on September 26, 2007. Because he had three prior convictions — two for possession with intent to distribute cocaine and one for assault — the range for [Savageau's] sentence under the United States Sentencing Guidelines ["Guidelines"] was longer than it would have been without the prior convictions.
>
> Petitioner's appointed counsel filed a notice of appeal, following which he filed an appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no arguable issues of merit on appeal. The Eleventh Circuit agreed and affirmed Petitioner's convictions and sentences on September 17, 2008. United States v. Savageau, 292 F. App'x 895 (11th Cir. 2008) (per curiam).

Savageau v. United States, No. 1:12-cv-00016-WTM-WLB ("2255 Motion"), 2012 U.S. Dist. LEXIS 24920, at *1-*3, 2012 WL 630052, at *1 (S.D. Ga. Feb. 7, 2012) (footnote and citations omitted), R&R adopted, No. 1:12-cv-00016-WTM-WLB, 2012 U.S. Dist. LEXIS 24902, 2012 WL 629110 (S.D. Ga. Feb. 27, 2012).

Savageau asserts that the Presentence Investigation Report ("PSR") in his federal criminal case recommended that he be

3

sentenced as a career offender under U.S.S.G. § 4B1.1, upon the finding in the PSR that his two Springfield cocaine convictions were "controlled substance offenses" and his Massachusetts assault with intent to rob was a "crime of violence" under U.S.S.G. § 4B1.2. See Pet. (Doc. no. 1), at 13, 14. Savageau asserts that the court in his federal criminal case applied the career offender Guidelines range in sentencing him, although he asserts his state sentences for those convictions were imposed on the same date. Id. at 17.

Savageau filed a pro se motion seeking relief under 28 U.S.C. § 2255 in the Southern District of Georgia in 2011, claiming that his state court convictions resulted from ineffective assistance of counsel in those cases. The court in Savageau's federal criminal case denied the motion as barred by the statute of limitations and declined to issue a certificate of appealability. See 2255 Motion, 2012 WL 629110, at *1, 2012 U.S. Dist. LEXIS 24902, at *1 (adopting Feb. 7, 2012 R&R, 2012 U.S. Dist. LEXIS 24920, 2012 WL 630052).

In the instant § 2241 petition and its addenda, Savageau asserts claims challenging the calculations underlying his 164-month concurrent sentences on the conspiracy and armed bank robbery convictions, and his consecutive 84-month sentence for brandishing a firearm under 18 U.S.C. § 924(c), as follows:

1. Citing Mathis v. United States, 136 S. Ct. 2243 (2016), Savageau claims that his prior convictions did not qualify him as a career offender under the Guidelines;

2. Citing cases including United States v. Godin, 522 F.3d 133 (1st Cir. 2008), and United States v. Rodríguez-Rosado, 854 F.3d 122 (1st Cir. 2017), Savageau claims his prior state convictions should have been grouped for purposes of calculating his sentence under the Guidelines because he was sentenced for those convictions on the same day;

3. Citing Johnson v. United States, 135 S. Ct. 2551, (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and noting the similarity between the definitions at issue in those cases and the definitions of a "crime of violence" under the Guidelines and 18 U.S.C. § 924(c)(3), Savageau claims that his federal convictions did not qualify him: (a) for an enhanced sentence under the Guidelines; or (b) for a sentence under § 924(c);

4. Citing Dean v. United States, 137 S. Ct. 1170 (2017), Savageau claims that the sentencing court did not consider the length of his mandatory consecutive sentence under § 924(c) in calculating his sentence for all of his offenses;

5. Savageau claims he did not possess a firearm during the bank robberies at issue, invalidating his sentence for brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c).

## Discussion

I. <u>Savings Clause Jurisdiction</u>

Pursuant to 28 U.S.C. § 2255, the trial court generally has exclusive jurisdiction over a petitioner's post-conviction motions challenging the validity of his conviction or sentence. Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district where a federal inmate

5

is in prison to consider a § 2241 petition challenging the validity of his incarceration.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999).  The savings clause provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).  Savageau, an FCI Berlin inmate at the time his § 2241 petition was filed, seeks to invoke this court's "savings clause" jurisdiction under § 2255(e).

While the First Circuit has not provided examples of all circumstances where savings clause jurisdiction might arise,[2] the court has clarified that § 2255's "adequacy and effectiveness

---

[2] In Sustache-Rivera v. United States, 221 F.3d 8, 16 & n.14 (1st Cir. 2000), the court noted that savings clause jurisdiction has been found in cases where petitioners have asserted statutory interpretation claims based on new Supreme Court precedent, previously unavailable to them, that changed the law in the circuit and narrowed the scope of a criminal statute in a manner that would have rendered them not guilty of the offense of which they were convicted.  See id. (citing cases).  But see McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1087 (11th Cir.) (en banc) (savings clause jurisdiction unavailable despite adverse circuit precedent that has changed after first § 2255 motion, as petitioner "could have tested the legality of his detention by requesting that we reconsider our precedent en banc or by petitioning the Supreme Court for a writ of certiorari"), cert. denied, 138 S. Ct. 502 (2017); Prost v. Anderson, 636 F.3d 578, 588 (10th Cir. 2011) (intervening changes in statutory interpretation cannot render § 2255 inadequate or ineffective)).

must be judged ex ante." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008). "[P]ost-conviction relief can be termed 'inadequate' or 'ineffective'" for purposes of invoking the savings clause "only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Id. (citation omitted). The Trenkler court further observed that courts have allowed access to the savings clause in only "rare and exceptional circumstances, such as those in which strict adherence" to the statutory limits on access to relief under section 2255 "would result in a 'complete miscarriage of justice.'" Id. (citation omitted). Therefore, this court has savings clause jurisdiction only if the configuration of § 2255 has effectively denied Savageau any opportunity for judicial review and manifest injustice has resulted. Id.

## II. Guidelines Sentence Claims (Claims 1, 2, 3(a))

Savageau's Claims 1, 2, and 3(a) challenge the validity of his advisory Guidelines sentence. This court need not decide as a preliminary matter whether the law in the Eleventh Circuit at the time of Savageau's conviction, direct appeal, or initial § 2255 motion, would have countenanced Savageau's claims. Even if settled law at those times would have knocked the legs out

7

from under Claims 1, 2, and 3(a), and even if the cases Savageau cites changed the governing law in the Eleventh Circuit, such changed Circuit precedent alone would not provide Savageau with access to this court's savings clause jurisdiction. Savageau must also show that his advisory Guidelines sentence was a miscarriage of justice.

The court thus proceeds directly to consider whether Savageau has demonstrated that any error in his Guidelines sentence resulted in a miscarriage of justice. In general, in "collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent." United States v. Olano, 507 U.S. 725, 736 (1993); see also Trenkler, 536 F.3d at 99 (savings clause jurisdiction may arise over statutory claims that narrow scope of statute of conviction if petitioner makes "a credible allegation of actual innocence"). Actual innocence means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998).

Savageau does not argue here that he is factually innocent of the state offenses at issue, and none of those convictions have been invalidated. Savageau's claims regarding Mathis, Rodríguez-Rosado, Johnson, and Dimaya are premised on arguments regarding the legal sufficiency of factors affecting his advisory Guidelines sentence range; Savageau makes no claim here that he

did not commit the Massachusetts offenses at issue, and he has not disputed that the Springfield cocaine convictions in fact qualified as controlled substance offenses.  Savageau has thus not demonstrated that any manifest injustice resulted from the use of his prior convictions to enhance his advisory Guidelines sentence.  Furthermore, as to Claim 3(a), the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017), clarifies that a due process void-for-vagueness claim challenging a Guidelines sentence is not viable.  See id. at 892 ("the Guidelines are not subject to a vagueness challenge under the Due Process Clause").  Accordingly, the claims in the § 2241 petition identified here as Claims 1, 2, and 3(a) are properly dismissed for lack of savings clause jurisdiction.

III. Section 924(c) Sentence Claims (Claims 3(b), 4, 5)

A. *Johnson* and *Dimaya* (Claim 3(b))

Citing Johnson and Dimaya, Savageau claims that his federal convictions did not qualify him for a seven-year minimum consecutive sentence under the use-of-force or residual clauses of 18 U.S.C. § 924(c)(3)(A) and (B).  Savageau's claim in that regard is facially invalid as his federal armed bank robbery conviction qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A).  See Hunter v. United States, 873 F.3d 388, 390

9

(1st Cir. 2017) ("we hold that federal bank robbery, and a fortiori federal armed bank robbery, are crimes of violence under the force clause," 18 U.S.C. § 924(c)(3)(A)); see also In re Johnson, No. 18-11865-E, 2018 U.S. App. LEXIS 33028, at *9 (11th Cir. Nov. 21, 2018) ("regardless of Dimaya's potential effect on § 924(c)(3)(B)'s residual clause, [petitioner's] § 924(c) convictions are still valid because his companion offenses of armed bank robbery still qualify as 'crimes of violence'" under § 924(c)(3)(A) (citing In re Hines, 824 F.3d 1334, 1337 & n.5 (11th Cir. 2016)).

### B. *Dean* Claim (Claim 4)

Citing Dean, Savageau claims that the court in his federal criminal case did not consider the length of his mandatory minimum consecutive sentence under § 924(c) in calculating his total sentence. In Dean, the Supreme Court held that the sentencing court is not precluded from considering, in determining the sentence for the predicate crime of violence, that § 924(c) imposes a mandatory consecutive sentence for the § 924(c) offense. Dean, 137 S. Ct. at 1178. The respondent moves to dismiss that Dean claim.

Savageau's Dean claim is not the type of claim that the First Circuit has indicated could be cognizable under the savings

10

clause.  Savageau does not argue that Dean altered the interpretation of a statute in a way that rendered his conduct no longer a criminal act, and he has not argued that his sentence exceeded the statutory maximum for his offenses.  Cf. Trenkler, 536 F.3d at 99; Sustache-Rivera, 221 F.3d at 16 & n.14.  Furthermore, Savageau has not shown that the substance of his Dean argument was previously unavailable to him at the time of his sentencing, direct appeal, or first § 2255 motion.  Finally, Dean has not been recognized as retroactively applicable to cases on collateral review by any court that has addressed that question.  See Beasley v. Werlich, No. 18-cv-1125-DRH, 2018 U.S. Dist. LEXIS 113486, at *3-*4, 2018 WL 3348961, at *4 (S.D. Ill. July 6, 2018) (citing cases); see also Habeck v. United States, 741 F. App'x 953, 954 (4th Cir. 2018), cert. denied, No. 18-7920, 2019 WL 635480 (U.S. Mar. 18, 2019) (petitioner's Dean claim "fails to meet the requirements of the savings clause because Dean has not been held to apply retroactively to cases on collateral review"); United States v. Dawson, 300 F. Supp. 3d 1207, 1214 (D. Or. 2018) ("Because the rule in Dean affects only the sentencing judge's discretion in calculating a sentence, it is procedural under Schriro, not substantive, and does not retroactively apply to [petitioner's] case." (citing Schriro v. Summerlin, 542 U.S. 348, 352-53 (2004)).  Savageau has not

demonstrated that his 248-month sentence has resulted in a miscarriage of justice. Claim 4 is thus dismissed for lack of savings clause jurisdiction.

    C.    <u>Actual Innocence of Possessing Firearm (Claim 5)</u>

Savageau maintains that he did not "possess" a firearm -- a fact he states his co-defendant Demetrius Freeman confirmed in clarifying Savageau's role in the robberies -- and thus, Savageau asserts, his sentence for brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c) must be vacated. The Supreme Court has characterized an actual innocence claim as a claim asserting that "in light of new evidence 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536-37 (2006) (citation omitted). Savageau's current claim of not having possessed a firearm does not undermine his conviction as to Count Six, resulting from his guilty plea to the charge that he and Freeman, "aided and abetted by each other and others," knowingly brandished a firearm in relation to an armed bank robbery. Sept. 28, 2006 Plea Agt., <u>Criminal Case</u> (ECF No. 51), at 12. Savageau makes no argument that he lacked foreknowledge, at a time when he could have walked away from the crime, that his co-defendant would brandish a firearm during the armed bank

robbery.  Cf. Rosemond v. United States, 572 U.S. 65, 78-79 (2014).  As such, Savageau's claim of not possessing a firearm does not amount to a claim supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," that shows his factual innocence.  Schlup v. Delo, 513 U.S. 298, 324 (1995).  As nothing in the record suggests that Savageau's case presents a colorable claim of actual innocence with respect to his aiding and abetting an armed bank robbery during which a firearm was brandished, Savageau has not shown that the savings clause allows this court to exercise jurisdiction over the claims challenging his sentence under § 924(c).

## **Conclusion**

For the foregoing reasons, the court grants the respondent Warden's motion to dismiss the § 2241 petition (doc. no. 7), and dismisses all claims asserted in the petition and its addenda (doc. nos. 1, 8, 10), without prejudice to Savageau's ability to apply in the Eleventh Circuit for leave to file a second or successive § 2255 motion asserting the claims he asserts here. The clerk's office is directed to update the docket to list an address for petitioner at the facility where the Federal Bureau

13

of Prisons Online Inmate Locator indicates he is currently incarcerated, to enter judgment, and to close the case.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

March 20, 2019

cc: Vincent Savageau, pro se
    Seth R. Aframe, Esq.